1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

<div align="center">

UNITED STATES  DISTRICT COURT

Northern District of California

San Francisco Division

</div>

| | |
|---|---|
| GARY REGINALD DODGE, | No. C 14-00518 LB |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| v. | |
| AUTHOR SOLUTIONS, LLC, doing business as AUTHOR HOUSE, | [Re: ECF No. 16] |
| Defendant. | |
| _____/ | |

<div align="center">

**INTRODUCTION**

</div>

Plaintiff Gary Reginald Dodge sued Author Solutions, LLC[1] ("Author Solutions") for its alleged misconduct in relation to the publication of his book, entitled *Acts of War: Jesus/Alexander & JFK.* *See* Complaint, ECF No. 1.[2]  Author Solutions moves to dismiss Mr. Dodge's Complaint.  *See* Motion, ECF No. 16.  Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and vacates the May 1, 2014 hearing.  Upon consideration of the Complaint, the briefs submitted, and the applicable legal authority, the court **GRANTS** Author Solutions' motion to dismiss.

---

[1] Formerly known as Author Solutions, Inc. and doing business as Author House.

[2] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page number at the top of the document.

**STATEMENT**

## I. THE COMPLAINT

On February 3, 2014, Mr. Dodge filed a handwritten, four-page complaint against Author Solutions seeking, among other things, "double restitution" of $20 million (and up to $100 million if Author Solutions "contests[] and loses" this action) for a "theft of royalties" relating to the publication of *Acts of War: Jesus/Alexander & JFK*. *See* Complaint, ECF No. 1 at 1-4. Although neither the Complaint nor the Motion to Dismiss explicitly states it, the court infers that Author Solutions published Mr. Dodge's book. Mr. Dodge's Complaint is handwritten and hard to read, and it does not have any claims or allegations that explain the bases for his alleged damages. *See generally* Complaint, ECF No. 1. The complaint in its entirety is as follows:

> "Acts of War: Jesus/Alexander & JFK" was written by me, 'Gary Reginald Dodge' in 2003. Since March[] 2004, Author [Solutions] has consistently committed a 'Theft of Royalties,' and offering [sic] me only pennies in return for my work.
>
> I, Gary Reginald Dodge, therefore demands [sic], and expects [sic], $10 million in damages for the ten years of stealing increasing sales of the book, "Acts of War: Jesus/Alexander & JFK." I further demand double restitution, ($20 million) because I did not make a ten-million-dollars [sic] loan to Author [Solutions], with an expectation of timely repayment. Author [Solutions], for ten years, committed a "Theft of Royalties" with no intention of paying an equitable payment to me, the author of the book; "Acts of War: Jesus/Alexander & JFK."
>
> I further demand from Author [Solutions] that they cease and desist selling my book, and a return of the eight original copies of documents this writer found in the National Archives in the Lyndon B. Johnson Museum and Library at the University of Texas in Austin.
> I do further demand, and expect, if Author [Solutions] contest's [sic], and loses, 1 hundred million dollars ($100,000,000), which is the value of "Acts of War: Jesus/Alexander and JFK," (if I was asked to participate in the promotion and marketing of my book), and for the 10 years of hardship, poverty and humiliation at the hands of my peers.

*See* Complaint, ECF No. 1 at 2-4. Attached to the complaint are copies of three checks: two for $0.72 each from Authorhouse and one for $150 from Rapid Publishing. *Id.*

## II. PROCEDURAL HISTORY

On February 3, 2014, Mr. Dodge, who is proceeding *pro se* and has consented to the undersigned's jurisdiction, filed a complaint against Author Solutions. Complaint, ECF No. 1; Consent, ECF No. 8. While the Complaint is not entirely clear, it appears that Mr. Dodge possibly alleges the following claims: (1) copyright infringement in violation of 17 U.S.C. § 501(a); (2) injunctive relief; (3) breach of contract; and (4) conversion. *See generally*, Complaint, ECF No. 1.

<div style="margin-left:0">UNITED STATES DISTRICT COURT<br>For the Northern District of California</div>

C 14-00518 LB
ORDER

2

He also filed an application to proceed *in forma pauperis* on the same day.  Application, ECF No. 3.  On February 10, 2014, the court granted his application and directed the United States Marshal to serve Author Solutions with the complaint and summons.  2/10/2014 Order, ECF No. 6.

In late February 2014, Mr. Dodge filed three letters asking the court for assistance with respect to a check.  *See* Letters, ECF Nos. 10-12.  In sum, he asked the court to order Author Solutions to stop payment on a claim check that he says was stolen and to issue a replacement check.  *See id.*  Mr. Dodge, however, provided no legal basis for his requests, and the court knew nothing about the "claim check" to which he referred.  It was also unclear whether his request related to his claims in this action.  In light of the impending service on Author Solutions, which would have provided Author Solutions the opportunity to respond to Mr. Dodge's complaint, the court denied Mr. Dodge's requests without prejudice.  3/5/2014 Order, ECF No. 13.  An executed summons was filed on March 7, 2014 indicating that Author Solutions was served on February 25, 2014.  Summons, ECF No. 14.

Author Solutions did not answer the Complaint.  Instead, on March 18, 2014, Author Solutions moved to dismiss Mr. Dodge's Complaint under Federal Rule of Civil Procedure 12(b)(6).  Motion, ECF No. 16.  Mr. Dodge opposed the motion on March 21, 2014.  Opposition, ECF No. 19.  He filed a supplemental opposition April 1, 2014.  *See* ECF No. 22.  Author Solutions replied on April 7, 2014.  *See* Reply, ECF No. 23.

## ANALYSIS

### I. JURISDICTION

Author Solutions d/b/a AuthorHouse appears to be an Indiana company.  *See* Complaint at 6.  The court thus has diversity jurisdiction.  *See* 28 U.S.C. § 1332.

### II. LEGAL STANDARD

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "The plausibility standard

1   is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

2   defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557.).  "While a complaint

3   attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

4   obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

5   conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual

6   allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S.

7   at 555 (internal citations and parentheticals omitted).

8       In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true

9   and construe them in the light most favorable to the plaintiff.  *See id.* at 550; *Erickson v. Pardus*, 551

10  U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

11      If the court dismisses the complaint, it should grant leave to amend even if no request to amend

12  is made "unless it determines that the pleading could not possibly be cured by the allegation of other

13  facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc.*

14  *v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).  But when a party

15  repeatedly fails to cure deficiencies, the court may order dismissal without leave to amend.  *See*

16  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where

17  district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim

18  with leave to amend).

19  **III.  DISCUSSION**

20      **A. Mr. Dodge Has Not Alleged Viable Copyright Infringement Claim**

21      It is possible that Mr. Dodge is trying to allege a copyright claim.  The Copyright Act normally

22  authorizes statutory damages of $750 to $30,000 per infringed work, 17 U.S.C. § 504(c)(1), but in

23  cases where the copyright owner sustains the burden of proving that the infringement was committed

24  willfully, the Copyright Act authorizes enhanced statutory damages of up to $150,000 per infringed

25  work.  *Id.* § 504(c)(2).  The court nevertheless is given broad discretion to determine the amount of

26  statutory damages.  *Peer Intern. Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir.1990).

27  In awarding statutory damages, courts in this District have considered whether the amount of

28  damages requested bears a "plausible relationship" to the plaintiff's actual damages.  *See Adobe*

UNITED STATES DISTRICT COURT
For the Northern District of California

*Systems, Inc. v. Tilley*, No. C 09–1085, 2010 WL 309249, at *5 (N.D. Cal. Jan.19, 2010) (citing *Microsoft Corp. v. Ricketts*, No. C 06–06712, 2007 WL 1520965, at *4 (N.D. Cal. May 24, 2007). Moreover, in determining the appropriate award, the court may consider such factors as "the expenses saved and profits reaped by the defendant in connection with the infringements, the revenues lost by the plaintiff as a result of the defendant's conduct, and the infringer's state of mind – whether willful, knowing, or merely innocent." *Lamb v. Starks*, 1997 U.S. Dist. LEXIS 11369, at *6 (N.D. Cal. Jul. 2, 1997).

Here, Mr. Dodge seeks "10 million in damages," "double restitution ($20 million)" and "if Author Solutions contest's [sic], and loses, 1 hundred million dollars ($100,000,000)." Complaint, ECF No. 1 at 3-4. In support of this request for 10 million in damages, which far exceeds regular statutory limits, Mr. Dodge argues that "[he] did not make a ten-million dollars [sic] loan to Author [Solutions], with an expectation of timely repayment." *Id.* at 3. Even liberally construing this argument, it appears to be unrelated to the publication of *Acts of War: Jesus/Alexander & JFK.*

Additionally, Mr. Dodge fails to provide any relevant evidence of Author Solutions' profits from the sale of *Acts of War: Jesus/Alexander & JFK* from 2004 to the present. Mr. Dodge supports his claim for 100 million in damages by the lost opportunity to increase the value of the book to that amount had he been "asked to participate in the promotion and marketing of [his] book, and for the 10 years of hardship, poverty and humiliation [suffered] at the hands of [his] peers." *Id.* at 4. This argument is unrelated to copyright infringement issues in this case. Moreover, Mr. Dodge fails to provide evidence showing Author Solutions' state of mind.[3] Based on this complete lack of evidence, the court is unable to reasonably ascertain *any* relationship between Mr. Dodge's actual (and likely actual) damages and Author Solutions' alleged violation of copyright law.

Further, Mr. Dodge's first opposition is mostly illegible and does not clarify this or any other

---

[3] The following is the only reference to Author Solutions' intentions: "Author [Solutions], for ten years, committed a "Theft of Royalties" with no intention of paying an equitable payment to me, the author of the book; "Acts of War: Jesus/Alexander & JFK." Complaint, ECF No. 1 at 3. However, this statement refers to Author Solutions' relationship with Mr. Dodge and does not bear on Author Solutions' state of mind during its alleged conduct – "whether willful, knowing, or merely innocent."

1  claim. *See generally* Opposition, ECF No. 19 at 1-2. From the little legible text provided therein,

2  the court notes that Mr. Dodge rebuts Author Solutions' argument regarding deficient factual

3  allegations by "point[ing] to exhibits [A-E]" and otherwise making conclusory statements or

4  restating his claims. *Id.* Mr. Dodge provides more information in the letter at ECF No. 22. He

5  explains that he was unable to cash the $150 check anywhere, points out that a search for "Author

6  House" online will reveal information that it is a scam and a ripoff, and clarifies that he claims a

7  theft of royalties because he has identified over 12 websites with vendors actively selling Plaintiff's

8  book.

9      In its reply, Author Solutions points out that the allegations are conclusory and do not establish

10  what his relationship is with Author Solutions and what the legal basis is for his dissatisfaction.

11      In sum, the court finds that Mr. Dodge has not stated a copyright claim. The court dismisses the

12  claim with leave to amend.

13  **B. Mr. Dodge's Claim for Injunctive Relief Is Not a Separate Claim**

14      Mr. Dodge demands that Author Solutions stop selling his book and return the eight original

15  copies of *Acts of War: Jesus/Alexander & JFK* found in the National Archives in the Lyndon B.

16  Johnson Museum and Library at the University of Texas in Austin. *See* Complaint, ECF No. 1 at 3-

17  4. Author Solutions argues that this claim fails because it is a remedy, not a separate legal claim.

18  Motion, ECF No. 16 at 7. It is correct. Injunctive relief "is a remedy, not a cause of action, and thus

19  it must be tethered to some independent legal duty owed by the defendant." *Martone v. Burgess*,

20  No. C 08-2379 CW, 2008 WL 3916022, at *3 (N.D. Cal. Aug. 25, 2008); *see Marlin v. AIMCO*

21  *Venezia, LLC*, 154 Cal. App. 4th 154, 162 (2007). In his amended complaint, Mr. Dodge may seek

22  injunctive relief as a remedy to any viable claim that he may have.[4]

23  **C. Mr. Dodge's State Law Claims**

24      Mr. Dodge alleges a "theft of royalties" and asserts damages against Author Solutions for "ten

25  years of stealing increasing sales of [*Acts of War: Jesus/Alexander & JFK*]." Complaint, ECF No. 1

26

27

28      [4] The court notes that Author Solutions has represented that it has already stopped selling his
   book. Motion, ECF No. 16 at 6.

UNITED STATES DISTRICT COURT
For the Northern District of California

at 2-3.  These attempts to allege breach of contract and conversion claims arise under California law.

To state a claim for breach of contract, a plaintiff must allege the following elements: (1) the existence of a contract; (2) plaintiff's performance or excuse for non-performance; (3) defendant's breach; and (4) resulting damage.  *See Oasis West Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011).

To state a claim for conversion, which here is theft of royalties, a plaintiff must allege the following elements: (1) plaintiff's ownership or right to possession of the property at the time of the conversion; (2) defendant's conversion by a wrongful act or disposition of plaintiff's property rights; and (3) damages.  *See Harford Fin. Corp. v. Burns*, 96 Cal. App. 3d 591, 598 (1979).

As to any breach of contract claim, Plaintiff must provide some factual allegations about his contractual relationship with Author Solutions, including whether there is a contract, how Author Solutions breached it, and information about how precisely Plaintiff was damaged.  As to his conversion theory, Mr. Dodge did say he wrote the book but should clarify that he owns it and is entitled to royalties.  He also should provide specific information about the period of time he believes he is entitled to royalties.

Also, as Defendant points out, the statute of limitations for theft is three years.  *See* Cal. Civ. Code § 338.  Mr. Dodge alleges damages since March 2004.  The doctrine of equitable tolling can in some instances suspend the limitations period.  For example, someone's fraud or concealment of facts can justify a tolling of the limitations period if a plaintiff can show that a reasonable plaintiff would not have known of the existence of a claim within the limitations period.  *See Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008).  That concept is called "excusable delay" and requires a plaintiff to show "fraudulent conduct by the defendant resulting in concealment of the operative facts, failure of the plaintiff to discover the operative facts that are the basis of its cause of action within the limitations period, and due diligence by the plaintiff until discovery of those facts."  *Fed. Elec. Comm'n v. Williams*, 104 F.3d 237, 240-41 (9th Cir. 1996).  If Mr. Dodge has facts showing excusable delay, he must state them in his amended complaint.

**CONCLUSION**

For the foregoing reasons, the court **GRANTS** Author Solutions' motion to dismiss.  Mr. Dodge

1    must file any amended complaint within 28 days.

2         This disposes of ECF No. 16.

3         **IT IS SO ORDERED.**

4    Dated: April 10, 2014

                                        _____
5                                       LAUREL BEELER
                                        United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
For the Northern District of California