UNITED STATES DISTRICT COURT
For the Northern District of California

1
2
3
4
5
6
7
8

UNITED STATES  DISTRICT COURT

9

Northern District of California

10

San Francisco Division

11

| GARY REGINALD DODGE, | No. C 14-00518 LB |

12

Plaintiff,   **ORDER GRANTING DEFENDANT'S**
**MOTION TO DISMISS PLAINTIFF'S**

13

v.   **COMPLAINT**

14

AUTHOR SOLUTIONS, LLC, doing business
as AUTHOR HOUSE,   [Re: ECF No. 28]

15

Defendant.

16

_____/

## INTRODUCTION

17
18
19
20
21
22
23
24

Plaintiff Gary Reginald Dodge sued Author Solutions, LLC[1] ("Author Solutions") for its alleged misconduct in relation to the publication of his book, entitled *Acts of War: Jesus/Alexander & JFK*. *See* Complaint, ECF No. 1; First Amended Complaint ("FAC"), ECF No. 26.[2]  Author Solutions moves to dismiss Mr. Dodge's Complaint.  *See* Motion, ECF No. 16.  Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and vacates the June 19, 2014 hearing.  Upon consideration of the Complaint, the briefs submitted, and the applicable legal authority, the court **GRANTS** Author Solutions' motion to dismiss.

25
26
27
28

[1] Formerly known as Author Solutions, Inc. and doing business as Author House.

[2] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page number at the top of the document.

<div align="right" style="writing-mode: vertical">
UNITED STATES DISTRICT COURT
For the Northern District of California
</div>

**STATEMENT**

**I. THE COMPLAINT**

On February 3, 2014, Mr. Dodge filed a handwritten, four-page complaint against Author Solutions seeking, among other things, "double restitution" of $20 million (and up to $100 million if Author Solutions "contests[] and loses" this action) for a "theft of royalties" relating to the publication of *Acts of War: Jesus/Alexander & JFK*. *See* Complaint, ECF No. 1 at 1-4. The original complaint in its entirety is as follows:

> "Acts of War: Jesus/Alexander & JFK" was written by me, 'Gary Reginald Dodge' in 2003. Since March[] 2004, Author [Solutions] has consistently committed a 'Theft of Royalties,' and offering [sic] me only pennies in return for my work.
>
> I, Gary Reginald Dodge, therefore demands [sic], and expects [sic], $10 million in damages for the ten years of stealing increasing sales of the book, "Acts of War: Jesus/Alexander & JFK." I further demand double restitution, ($20 million) because I did not make a ten-million-dollars [sic] loan to Author [Solutions], with an expectation of timely repayment. Author [Solutions], for ten years, committed a "Theft of Royalties" with no intention of paying an equitable payment to me, the author of the book; "Acts of War: Jesus/Alexander & JFK."
>
> I further demand from Author [Solutions] that they cease and desist selling my book, and a return of the eight original copies of documents this writer found in the National Archives in the Lyndon B. Johnson Museum and Library at the University of Texas in Austin.
> I do further demand, and expect, if Author Solutions contest's [sic], and loses, 1 hundred million dollars ($100,000,000), which is the value of "Acts of War: Jesus/Alexander and JFK," (if I was asked to participate in the promotion and marketing of my book), and for the 10 years of hardship, poverty and humiliation at the hands of my peers.

*See* Complaint, ECF No. 1 at 2-4. Attached to the complaint were copies of three checks: two for $0.72 each from Authorhouse and one for $150 from Rapid Publishing. *Id.*

Author Solutions moved to dismiss the complaint, ECF No. 16, and the court granted the motion to dismiss on April 10, 2014, ECF No. 24. The court construed the complaint as possibly asserting the following claims: (1) copyright infringement in violation of 17 U.S.C. § 501(a); (2) injunctive relief; (3) breach of contract; and (4) conversion. *See* Order, ECF No. 24 at 2.

The court dismissed the copyright infringement claim because it did not allege a plausible relationship between the damages sought and the plaintiff's actual damages or clearly allege facts in support of the claim. *Id.* at 5-6. The court dismissed the injunctive relief claim because it was a remedy, rather than a separate cause of action. *Id.* at 6. The court dismissed the possible breach of contract and conversion claims because the complaint did not allege facts showing a contractual

1   relationship, breach, or how precisely Mr. Dodge was damaged.  *Id.* at 7.  Also, the statute of

2   limitations would bar any claims that accrued more than three years before Mr. Dodge filed the

3   complaint and there were no allegations to support equitable tolling or excusable delay.  *Id.*  The

4   court dismissed the complaint with leave to amend within 28 days.

5         On April 23, 2014, Mr. Dodge filed the FAC.  *See* FAC, ECF No. 26.  Like the original

6   complaint, the FAC does not specify the claims or state allegations that explain the bases for Mr.

7   Dodge's alleged damages.  *See generally id.*

8         In the FAC, Mr. Dodge alleges the following:

9         In my ten years of experience with Authorhouse, I have reached the conclusion that it is a
          criminal organization, and part of a much larger criminal organization which, in a perfect
10        world, would be prosecuted under the RICO Act, for they, in their own words have, "helped
          20,000+ authors self publish their books," while hundreds of whom have protested on the
11        Internet, or at least those that have the wherewithall.

12   FAC, ECF No. 26 at 1-2.

13        The FAC alleges that Author Solutions falsely claimed to have stopped selling Mr. Dodge's

14   book.  *Id.* at 2.  Several factual allegations appear relevant to this claim.  First, in February 2010, an

15   Author Solutions representative told Mr. Dodge that he had sold 19 books in October.  *Id.* at 3.  She

16   then changed her story and said he had not sold any books in the fourth quarter and her prior

17   statement was based on a computer glitch.  *Id.*  Another representative said that Mr. Dodge "only

18   had a one-percent royalty payment pending."  *Id.*  Second, in 2009, a friend from Pittsburgh told Mr.

19   Dodge, "Pittsburgh is going crazy over your book!" and Mr. Dodge does not believe this to be an

20   anomaly.  *Id.* at 2.  Third, Stanford University Library acquired a copy of Mr. Dodge's book.  *Id.*

21   Fourth, a dozen online vendors are currently selling the book, which many of them claim to have in

22   stock.  *Id.*  Finally, Author Solutions sent Mr. Dodge three checks for $0.72 and he found this

23   humiliating.  *Id.*

24        Mr. Dodge demands the return of "the seven original copies[3], and the galley for the 4th Revised

25   Edition of, Acts of War: JESUS/ALEXANDER & JFK, with Clear, Credible and Convincing NEW

26

27   _____

28        [3]  This appears to be a reference to copies of documents Mr. Dodge found in the archives of
     the LBJ Presidential Library in Austin, Texas.  *See* FAC at 2.

1    EVIDENCE!, and . . . $150,000, as allowed by law, in damages, restitution, and penalties . . . ."  *Id.*

2    at 2-3.

3        On May 5, 2014, Author Solutions answered the complaint and filed a motion to dismiss.[4]  *See*

4    Answer, ECF No. 27; Motion, ECF No. 28.  Mr. Dodge filed an opposition, ECF No. 29, and Author

5    Solutions replied, ECF No. 30.

6                                            **ANALYSIS**

7    **I.  LEGAL STANDARD**

8        A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does

9    not contain enough facts to state a claim to relief that is plausible on its face.  *See Bell Atlantic Corp.*

10   *v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads

11   factual content that allows the court to draw the reasonable inference that the defendant is liable for

12   the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "The plausibility standard

13   is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

14   defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 557.).  "While a complaint

15   attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

16   obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

17   conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual

18   allegations must be enough to raise a right to relief above the speculative level."  *Twombly,* 550 U.S.

19   at 555 (internal citations and parentheticals omitted).

20       In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true

21   and construe them in the light most favorable to the plaintiff.  *See id.* at 550; *Erickson v. Pardus*, 551

22   U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

23       If the court dismisses the complaint, it should grant leave to amend even if no request to amend

24   is made "unless it determines that the pleading could not possibly be cured by the allegation of other

25   facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc.*

26

27        _____

28        [4]  The court construes the motion to dismiss as a motion for judgment on the pleadings under
     Federal Rule of Civil Procedure 12(c).  This does not alter the analysis.

UNITED STATES DISTRICT COURT
For the Northern District of California

*v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).  But when a party repeatedly fails to cure deficiencies, the court may order dismissal without leave to amend.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

## III.  DISCUSSION

As in the previous complaint, it is not clear exactly what legal claims Mr. Dodge is alleging. Accordingly, the court will address the most likely claims based on the allegations.

### A.  Mr. Dodge Still Has Not Alleged Viable Copyright Infringement Claim

In order to present a prima facie case of direct copyright infringement, a plaintiff must show ownership of the allegedly infringed material and demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106.  *Perfect 10, Inc. v. Amazon.com*, 508 F.3d 1146, 1159 (9th Cir. 2007).  Here, the FAC does not allege facts showing that Mr. Dodge owns a valid copyright to *Acts of War: Jesus/Alexander & JFK*.  Should Mr. Dodge file a Second Amended Complaint, he should state facts demonstrating that he holds a copyright to the book and not just that he is its author.  Second, the FAC does not allege copyright infringement. Rather, it appears that Mr. Dodge has authorized Author Solutions to distribute his work and his complaint has to do with insufficient royalties.  Finally, in the FAC, Mr. Dodge seeks $150,000 in damages.  *See* FAC at 3.  This may be a reference to the maximum statutory damages for willful infringement authorized by 17 U.S.C. § 504(c)(2).  If that is the basis for Mr. Dodge's damages, he must establish willfulness and tie the statutory damages to his actual damages, as discussed in the court's previous order.  *See* Order, ECF No. 24 at 5.

### B. Mr. Dodge's Claim for Injunctive Relief Is Not a Separate Claim

In the previous order, the court addressed Mr. Dodge's demand for injunctive relief.  See *id.* at 6. The FAC restates the same request.  *See* FAC, ECF No. 26 at 2-3.  As the court previously explained, injunctive relief "is a remedy, not a cause of action, and thus it must be tethered to some independent legal duty owed by the defendant."  *Martone v. Burgess*, No. C 08-2379 CW, 2008 WL 3916022, at *3 (N.D. Cal. Aug. 25, 2008); *see Marlin v. AIMCO Venezia, LLC*, 154 Cal. App. 4th

UNITED STATES DISTRICT COURT
For the Northern District of California

1  154, 162 (2007).  If Mr. Dodge files an amended complaint, he may seek the same relief but he must

2  allege a legal claim that provides injunctive relief as a remedy and tie his request to that cause of

3  action.

4       **C. Mr. Dodge's State Law Claims**

5       To the extent Mr. Dodge's claim is for breach of contract he must allege the legal elements and

6  facts that plausibly support them.  The elements of a breach of contract claim under California law

7  are the following: (1) the existence of a contract; (2) plaintiff's performance or excuse for non-

8  performance; (3) defendant's breach; and (4) resulting damage.  *See Oasis West Realty, LLC v.*

9  *Goldman*, 51 Cal. 4th 811, 821 (2011).  The FAC does not allege any of these elements.  As

10 explained in the previous order, "Plaintiff must provide some factual allegations about his

11 contractual relationship with Author Solutions, including whether there is a contract, how Author

12 Solutions breached it, and information about how precisely Plaintiff was damaged."  Order, ECF No.

13 24 at 7.

14      To the extent Mr. Dodge's claim is for conversion, which would include theft of royalties, he

15 must allege the following elements: (1) plaintiff's ownership or right to possession of the property at

16 the time of the conversion; (2) defendant's conversion by a wrongful act or disposition of plaintiff's

17 property rights; and (3) damages.  *See Harford Fin. Corp. v. Burns*, 96 Cal. App. 3d 591, 598

18 (1979).  Here, Mr. Dodge alleges that Author Solutions sold some copies of his book.  But he also

19 alleges that they made royalty payments to him.  The problem is he does not allege any facts

20 establishing that he had a right to royalty payments in excess of the amount Author Solutions

21 remitted.  Instead, he alleges that some online retailers are selling his book, that a library purchased

22 one copy, and that a friend told him "Pittsburgh is going crazy over your book!"  *See* FAC at 2-3.

23 These allegations are not enough to plausibly support a conversion claim.  Also, in the previous

24 order, the court explained that Mr. Dodge must allege some facts to overcome the statute of

25 limitations bar.  *See* Order, ECF No. 24 at 7.  The FAC does not fix this problem.

26      Finally, in its motion to dismiss, Author Solutions also argues that the FAC may attempt to

27 allege a claim for intentional infliction of emotional distress.  *See* Motion, ECF No. 28 at 7.  In

28 California, "[a] cause of action for intentional infliction of emotional distress exists when there is (1)

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1  extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard

2  of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme

3  emotional distress; and (3) actual and proximate causation of the emotional distress by the

4  defendant's outrageous conduct." *Kelley v. Conco Cos.*, 196 Cal. App. 4th 191, 215 (2011).  "A

5  defendant's conduct is outrageous when it is so extreme as to exceed all bounds of that usually

6  tolerated in a civilized community." *Id.* (internal quotation marks omitted).

7      Here, Mr. Dodge alleges only that Author Solutions employees laughed at him.  *See* FAC at 3.

8  To the extent the FAC asserts an intentional infliction of emotional distress claim, the factual

9  allegations do not support any of the elements.

10                                      **CONCLUSION**

11      For the foregoing reasons, the court **GRANTS** Author Solutions' motion to dismiss.  The court

12  will permit Mr. Dodge one more chance to state legal claims that are supported by sufficient factual

13  allegations.  He must file any amended complaint within 28 days.

14      This disposes of ECF No. 28.

15      **IT IS SO ORDERED.**

16  Dated: June 9, 2014

17                                      LAUREL BEELER
                                        United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28