UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| GARY REGINALD DODGE,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>AUTHOR SOLUTIONS, LLC, doing business<br>as AUTHOR HOUSE,<br><br>　　　　　　　　Defendant.<br>_____/ | No. C 14-00518 LB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>[Re: ECF No. 28] |

**INTRODUCTION**

Plaintiff Gary Reginald Dodge sued Author Solutions, LLC[1] ("Author Solutions") for its alleged misconduct in relation to the publication of his book, entitled *Acts of War: Jesus/Alexander & JFK*. *See* Complaint, ECF No. 1; First Amended Complaint ("FAC"), ECF No. 26; Second Amended Complaint ("SAC"), ECF No. 33.[2] The court previously dismissed the Complaint and the FAC for failure to state claims upon which relief can be granted. *See* ECF Nos. 24, 31. Author Solutions now moves to dismiss the SAC. *See* Motion to Dismiss SAC ("Motion"), ECF No. 34. Upon consideration of the Complaint, the briefs submitted, and the applicable legal authority, the court

---

[1] Formerly known as Author Solutions, Inc. and doing business as Author House.

[2] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page number at the top of the document.

C 14-00518 LB
ORDER

**GRANTS** Author Solutions' motion to dismiss with prejudice and without leave to amend.[3]

**STATEMENT**

**I. THE PREVIOUS COMPLAINTS**

On February 3, 2014, Mr. Dodge filed a handwritten, four-page complaint against Author Solutions seeking, among other things, "double restitution" of $20 million (and up to $100 million if Author Solutions "contests[] and loses" this action) for a "theft of royalties" relating to the publication of *Acts of War: Jesus/Alexander & JFK*. *See* Complaint, ECF No. 1 at 1-4. The original complaint in its entirety is as follows:

> "Acts of War: Jesus/Alexander & JFK" was written by me, 'Gary Reginald Dodge' in 2003. Since March[] 2004, Author [Solutions] has consistently committed a 'Theft of Royalties,' and offering [sic] me only pennies in return for my work.
>
> I, Gary Reginald Dodge, therefore demands [sic], and expects [sic], $10 million in damages for the ten years of stealing increasing sales of the book, "Acts of War: Jesus/Alexander & JFK." I further demand double restitution, ($20 million) because I did not make a ten-million-dollars [sic] loan to Author [Solutions], with an expectation of timely repayment.  Author [Solutions], for ten years, committed a "Theft of Royalties" with no intention of paying an equitable payment to me, the author of the book; "Acts of War: Jesus/Alexander & JFK."
>
> I further demand from Author [Solutions] that they cease and desist selling my book, and a return of the eight original copies of documents this writer found in the National Archives in the Lyndon B. Johnson Museum and Library at the University of Texas in Austin.
> I do further demand, and expect, if Author Solutions contest's [sic], and loses, 1 hundred million dollars ($100,000,000), which is the value of "Acts of War: Jesus/Alexander and JFK," (if I was asked to participate in the promotion and marketing of my book), and for the 10 years of hardship, poverty and humiliation at the hands of my peers.

*See* Complaint, ECF No. 1 at 2-4.  Attached to the complaint were copies of three checks: two for $0.72 each from Authorhouse and one for $150 from Rapid Publishing.  *Id.*

Author Solutions moved to dismiss the complaint, ECF No. 16, and the court granted the motion to dismiss on April 10, 2014, ECF No. 24.  The court construed the complaint as possibly asserting the following claims:  (1) copyright infringement in violation of 17 U.S.C. § 501(a); (2) injunctive relief; (3) breach of contract; and (4) conversion.  *See* Order, ECF No. 24 at 2.

The court dismissed the copyright infringement claim because it did not allege a plausible

---

[3] Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and vacates the August 21, 2014 hearing.

relationship between the damages sought and the plaintiff's actual damages or clearly allege facts in support of the claim. *Id.* at 5-6.  The court dismissed the injunctive relief claim because it was a remedy, rather than a separate cause of action. *Id.* at 6.  The court dismissed the possible breach of contract and conversion claims because the complaint did not allege facts showing a contractual relationship, breach, or how precisely Mr. Dodge was damaged. *Id.* at 7.  Also, the statute of limitations would bar any claims that accrued more than three years before Mr. Dodge filed the complaint and there were no allegations to support equitable tolling or excusable delay. *Id.*  The court dismissed the complaint with leave to amend within 28 days. *Id.*

On April 23, 2014, Mr. Dodge filed the FAC. *See* FAC, ECF No. 26.  Like the original complaint, the FAC did not specify the claims or state allegations that explain the bases for Mr. Dodge's alleged damages. *See generally id.*

In the FAC, Mr. Dodge alleged the following:

> In my ten years of experience with Authorhouse, I have reached the conclusion that it is a criminal organization, and part of a much larger criminal organization which, in a perfect world, would be prosecuted under the RICO Act, for they, in their own words have, "helped 20,000+ authors self publish their books," while hundreds of whom have protested on the Internet, or at least those that have the wherewithall.

FAC, ECF No. 26 at 1-2.

The FAC alleged that Author Solutions falsely claimed to have stopped selling Mr. Dodge's book. *Id.* at 2.  Several factual allegations appeared relevant to this claim.  First, in February 2010, an Author Solutions representative told Mr. Dodge that he had sold 19 books in October. *Id.* at 3.  She then changed her story and said he had not sold any books in the fourth quarter and her prior statement was based on a computer glitch. *Id.*  Another representative said that Mr. Dodge "only had a one-percent royalty payment pending." *Id.*  Second, in 2009, a friend from Pittsburgh told Mr. Dodge, "Pittsburgh is going crazy over your book!" and Mr. Dodge does not believe this to be an anomaly. *Id.* at 2.  Third, Stanford University Library acquired a copy of Mr. Dodge's book. *Id.*  Fourth, a dozen online vendors are currently selling the book, which many of them claim to have in stock. *Id.*  Finally, Author Solutions sent Mr. Dodge three checks for $0.72 and he found this humiliating. *Id.*

On May 5, 2014, Author Solutions answered the complaint and filed a motion to dismiss, which

the court construed as a motion for judgment on the pleadings. *See* Answer, ECF No. 27; Motion to Dismiss FAC, ECF No. 28. Mr. Dodge filed an opposition, ECF No. 29, and Author Solutions replied, ECF No. 30.

On June 9, 2014, the court granted Author Solutions's motion. *See* Order, ECF No. 31. The court held that Mr. Dodge still had not stated a viable copyright infringement claim. *Id.* at 5. He did not allege facts showing ownership of a valid copyright. *Id.* The court stated, "[s]hould Mr. Dodge file a Second Amended Complaint, he should state facts demonstrating that he holds a copyright to the book and not just that he is its author." *Id.* To the extent Mr. Dodge's claim was insufficient royalty payments, "he must establish willfulness and tie the statutory damages to his actual damages." *Id.* The court dismissed Mr. Dodge's apparent claim for injunctive relief because it is not a freestanding cause of action. *Id.* (collecting cases). "If Mr. Dodge files an amended complaint, he may seek the same relief but he must allege a legal claim that provides injunctive relief as a remedy and tie his request to that cause of action." *Id.* at 6. Finally, the court held that the complaint contained insufficient factual allegations to state claims for breach of contract, conversion, or intentional infliction of emotional distress. *Id.* at 6-7. Accordingly, the court granted Author Solutions's motion to dismiss without leave to amend within 28 days.

## II. THE SECOND AMENDED COMPLAINT

The SAC makes the following allegations:

Defendant has shown a pattern of less than honest business practices' Exhibit a), "Author House publishing scam," and, "AUTHORHOUSE SCAM!!! "Exhibit b), "Publishers from Hell: The Author House Scam, Exhibit c), Five pages of lengthy, and detailed complaints against Defendant. Exhibit d), Upon my demand to cease and desist selling my book, [Whereby there are no less than eight websites for Amazon.com, as of 6/19/2014], and the return of my eight original copies, they refused, and instead sent an unlabelled disc they purported contained by eight original copies, (herein with an Author House envelope it came in), however I was afraid to put that CD in my very expensive computer, because I have learned to not believe one word Defendant says. If there are the eight documents on the CD, this would prove that they made a false claim of not knowing which documents Plaintiff was refering to.

2/28/2014 a check for $1.61 was sent, and I was asked to either destroy it or send it back, apparently believing it was evidence. It is an Exhibit in my original complaint, and the check stub, Exhibit e) is enclosed.

Exhibit f) is a micro-cassette recording of 15 minutes of their deceit and lies. [It must be re-wound.]

> Defendant claims not to be convinced I am the author of, Acts of War: JESUS/ALEXANDER & JFK, with Clear, Credible and Convincing *NEW EVIDENCE!*, whereby a dozen websites, (Exhibit f), clearly state the title and author, under the Pen Names: G R Dodge, and Gary Dodge, while eight are with Amazon.com.
>
> Since it is my belief that Author Solutions, et al., are not publishers, as they claim, but nefarious printers that, in fact, laugh and joke as they steal money from perhaps tens of thousands of un-suspecting authors of every brand and stripe, and as they have relied upon various statutes intending to befuddle and overwhelm, while flouting the laws, and those laws being Grand Larceny and Conspiracy and Perjury, they have lost their right to dismiss, and the fact that this is a PRO SE Complaint from a victim of their larceny, and they have attempted to hide behind statutes, they have a right to none, since it was Defendant which claims the statute of limitations applies, however as of this writing, (6/19/2014, 8:31pm), there are over a dozen online booksellers, (not counting brick and mortar booksellers, both of which, though I confess I do not know the exact amount, are doing quite well with the well-received series of six reports), the statute does not apply. The only statutes Author House, et. Al., should be concerrned about are criminal statutes against posing as a legitimate publisher, which took advantage of my innocence, and the many tens of thousands of victims, (a good many do not have the wherewithal to complain), of the Defendants, so I therefore demand relief.
>
> **PLAINTIFF'S DEMANDS:**
>
> I hereby demand and expect from Defendants Author Solutions, et. Al., a swift and immediate return of my eight documents featured in, Acts of War.., etc.
>
> I also demand the return of the Galley for the Revised 4th Edition of Acts of War: JESUS/ALXANDER & JFK, with Clear, Credible and Convincing NEW EVIDENCE!, for which I paid over 6,000 dollars in revisions and fees, some of which were also an illegal theft.
>
>   I also demand ten-million dollars, ($10,000,000), in a low-ball estimate of actual damages for ten miserable years without money that I expected, plus double restitution for the act of maliciously stealing money I earned in the amount of twenty-million dollars, ($20,000,000), and since they have contested giving me what I honestly earned, I demand one-hundred million dollars, ($100,000,000), for the purposes of setting a precedent, and so that they will not ever have this opportunity, again, and to pay me for suffering well below the poverty line for over ten years, despite my best efforts, and there were many.

SAC, ECF No. 33 at 1-7.

There also are several exhibits attached to the SAC. Exhibits a and b appear to be printed copies of a web pages showing search results on yahoo.com for "authorhouse scam" and "author house complaints" *See* SAC Exs. A-B, ECF No. 33 at 9-12. Several of the search results are circled and some bear illegible annotations. *Id.* Exhibit c appears to be a printed copy of a web page at www.complaintsboard.com that contains complaints about AuthourHouse's business practices. SAC Ex. C, ECF No. 33 at 14-18. Exhibit d is a CD that was manually filed with the court. Because Mr. Dodge has expressed concerns that the CD might damage his computer, and the SAC

merely speculates about its contents, the court has not reviewed the contents of the CD.  Exhibit e appears to be a copy of a check dated 02/28/14 from "AUTHORHOUSE c/o CONTENT DISTRIBUTORS in Bloomington, Indiana, made out to Gary R Dodge in the amount of $1.61.  *See* SAC Ex. E, ECF No. 33 at 21.

Exhibit F is a microcassette tape manually filed with the court.  *See* Placeholder at SAC, ECF No. 33 at 22.  Only side B of the tape contains relevant information.[4]  These recordings include a speaker who identifies himself as Mr. Dodge and says the recording of at least one of the calls was made on August 7, 2013.  In the recordings, Mr. Dodge speaks with telephone representatives (presumably at Author Solutions).  Mr. Dodge seems to request a copy of a cancelled "compliance check," in the amount of approximately $6 million, which he says was stolen and cashed by someone else on June 6, 2012.  During the first call, Mr. Dodge becomes irate with the telephone representative, threatens to sue and criminally prosecute her.  During a second call, (which the speaker identified as Mr. Dodge says took place at 2:45 pm on August 7, 2013) the representative asks for Mr. Dodge's contact information and promises to return his call in two or three minutes but fails to do so.  During a third call, the representative says that they are looking into the situation and will call him back.  The microcassette includes other recordings of similar conversations.  The recordings are difficult (often impossible) to discern but appear to be similar to those described.

**III.  THE PENDING MOTION TO DISMISS**

On July 7, 2014, Author Solutions filed a Motion for Judgment on the Pleadings.[5]  *See* ECF No. 34.  Mr. Dodge did not file a timely opposition brief.  *See generally* Docket.  On July 28, 2014, Author Solutions filed a reply brief noting that its motion was unopposed.  *See* ECF No. 36.  Thereafter, Mr. Dodge contacted via e-mail and asked for more time to file an opposition brief.

---

[4] Side A of the microcassette tape appears to be a recording of a meeting discussions the San Francisco Mental Health Services Act.

[5] Because Author Solutions filed its motion for judgment on the pleadings before the pleadings were closed, the court construes it as a motion to dismiss under Federal Rule of Civil Procedure 12(b).  *See* Order, ECF No. 31 at 4 n.4 (construing the motion to dismiss as motion for judgment on the pleadings).

1 *See* ECF No. 37.  The court granted his motion and ordered him to file a reply by August 6, 2014.
2 *See* Order, ECF No. 38.  On August 6, 2014, Mr. Dodge filed an opposition brief, ECF No. 39.[6]

In his opposition brief, Mr. Dodge restates many of the same accusations discussed above.  First, he argues that Author Solutions's intent was "to steal."  *Id.* at 1.  He cites (and attaches as exhbit a), what appears to be a June 3, 2014 blog post from http://davidgaughran.wordpress.com titled "The Case Against Author Solutions, Part 1: The Numbers."  *Id.* at 1, 5.  The post appears to include excerpts from a legal pleading against Author Solutions and is followed by comments.  *See id.* at 5. He also references a document attached at Exhibit b, which he claims is a "directory of author complaints" about Author Solutions.  *Id.* at 1-2.  Exhibit b appears to be a copy of a web page from http://www.ripoffreport.com printed on July 30, 2014 that is devoted to consumer complaints about Authorhouse Publishing.  *See id.* at 42-46.

Next, Mr. Dodge responds to Defendants questioning his copyright.  *Id.* at 2.  He references Exhibit c to his opposition as being the title page from his book.  *See id.* at 2, 48.  Mr. Dodge argues that "the title page clearly states, (c) 2004-2008, Gary Reginald Dodge" and that this shows that he holds the copyright to the book.[7]  *Id.* at 2.  Mr. Dodge argues that he wrote the entire book at a cost of more than $6,000 and that "[t]he Revised 4th Edition was acquired by the Stanford University Library."  *Id.*

Mr. Dodge also refers to Exhibit d to his motion, which appears to be a copy of a web page from http://www.openisbn.com, described as showing "a Bar Code, and an image of the first edition, with a description of the book, and a list price of $14.95."  *Id.* at 2, 50.  Mr. Dodge argues that he does not have a copy of "the contract," but "the book proves that there was a contract."  *Id.* at 2.

Next the opposition states that the attached Exhibit e, "is a copy back-and-forth between Author Solutions and yet another dissatisfied author."  *Id.*

Finally, Mr. Dodge argues the following:

---

[6] On March 25 and July 30, 2014, the court sent Mr. Dodge copies of the court's Handbook for Litigants Without a Lawyer.  *See, e.g.,* ECF No. 21.

[7] The cited exhibit does not include the language "(c) 2004-2008."  *Id.* at 48.

C 14-00518 LB
ORDER                                                            7

> I am not an exception, I am a symptom, and my original complaint clearly stated the statute, THEFT OF ROYALTIES. I therefore stand by the complaint(s), the evidence submitted, and my demands. Only Author Solutions knows the extent of the theft, yet I base my demands upon the premise that they continue to sell my book, and of not pyaing me any of the money I honestly earned over a ten-year period of pain and hardship at the hands of a criminal organization: Author Solutions, et al.

*Id.* at 2-3.

Author Solutions filed a reply brief on August 11, 2013. *See* Reply, ECF No. 40. Author Solutions argues that Mr. Dodge's opposition brief does not make substantive arguments. *Id.* at 2. It also objects to the court's taking judicial notice of the documents attached to Mr. Dodge's opposition brief. *Id.* Even if the court were to consider these exhibits, it would not alter the outcome or analysis. Accordingly, the court denies Author Solutions's objection as moot.

## ANALYSIS

### I. LEGAL STANDARD

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557.). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

If the court dismisses the complaint, it should grant leave to amend even if no request to amend

1  is made "unless it determines that the pleading could not possibly be cured by the allegation of other
2  facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc.
3  v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).  But when a party
4  repeatedly fails to cure deficiencies, the court may order dismissal without leave to amend.  *See*
5  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where
6  district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim
7  with leave to amend).

## II. DISCUSSION

As in the previous two complaints, it is not clear from the pleading exactly what legal claims Mr. Dodge is alleging.  He demands that Author Solutions stop selling his book, return his "eight original copies,"[8] and the galley for the revised 4th edition of his book.  *See* SAC at 4-7.  He also demands millions of dollars, but does not connect his damages to any legal theories.  *Id.* at 7.

Mr. Dodge's Second Amended Complaint fails to state any claims for relief.  The court previously explained the deficiencies in the Complaint and the FAC and told Mr. Dodge what he needs to do to remedy them.  Instead of bolstering the factual allegations, the SAC contains fewer facts than the previous pleadings.  The only new fact allegations do not appear in the pleading, but in an attached microcassette.  To the extent Mr. Dodge intends to allege conversion or theft, he has failed to do so for the reasons discussed in the court's previous order.  *See* ECF No. 31 at 6-7.  Otherwise, even liberally interpreting the SAC and the microcassette in Mr. Dodge's favor, the court is unable to discern a cognizable claim.

Because Mr. Dodge has repeatedly failed to cure the deficiencies in his pleadings, despite the court's identifying the problems for him, the court grants the motion to dismiss with prejudice.  *See Ferdik*, 963 F.2d at 1261.  This means that Mr. Dodge may not file an amended complaint.

## CONCLUSION

For the foregoing reasons, the court **GRANTS** Author Solutions' motion to dismiss.  The court

---

[8] As discussed in the court's Order dismissing the FAC, this appears to be a reference to copies of documents Mr. Dodge found in the archives of the LBJ Presidential Library in Austin Texas.  *See* FAC at 2.

1  dismisses the Second Amended Complaint **WITH PREJUDICE**.

2  This disposes of ECF No. 34.

3  The Clerk of Court shall close the file.

4  **IT IS SO ORDERED.**

5  Dated: August 11, 2014

_____

6  LAUREL BEELER
United States Magistrate Judge